Gary M. Zadick
James R. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, MT 59403
Telephone: (406) 771-0007
Email: gmz@uazh.com; jrz@uazh.com

Attorneys for Republic – Vanguard Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| REPUBLIC – VANGUARD INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SAFE HOME INSPECTIONS, INC. AND MICHAEL ANDEREGG <br> Defendants. | CAUSE NO.: CV-25-38-GF-JTJ <br><br><br> **COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Plaintiff Republic-Vanguard Insurance Company ("Republic"), by and through its counsel of record, and for its Complaint against Defendants states and alleges the following:

1.     Republic-Vanguard Insurance Company is an insurance company licensed to do business in the State of Montana. Republic-Vanguard Insurance Company is organized under the laws of the State of Arizona with its principal place

of business in New York City, New York.

2.     Defendant Safe Home Inspections, Inc. is incorporated in the State of Montana with its principal place of business in Great Falls, Montana.

3.     Defendant Michael Anderegg is a citizen of the State of Montana and resides in Great Falls, Montana.

4.     There is complete diversity of citizenship between the parties.  The above-entitled court has jurisdiction pursuant to 28 U.S.C. § 1332.

5.     The amount in controversy, exclusive of costs and attorney fees, exceeds the sum of $75,000.

6.     A civil action ("Underlying Complaint") was filed in the Montana Eighth Judicial District Court, Cascade County, Cause No. DV-7-2025-0007-BC wherein David J. Miller, Sara N. Miller and S.A.M., a minor, as Plaintiff, brought an action against Safe Home Inspections and Micheal Anderegg, Defendant and others.  A true and correct copy of the Underlying Complaint and Jury Demand is attached hereto as **Exhibit A**.

7.     Republic-Vanguard Insurance Company is providing a defense in the underlying action to Defendants under an express reservation of rights.

8.     The Underlying Complaint alleges, among other things, claims against Defendants Safe Home Inspection, Inc., and Michael Anderegg related to a home

inspection performed by Defendants on Millers' home. It is alleged in the Underlying Complaint that, among other things, Defendants Safe Home Inspection, Inc. and Michael Anderegg made false and material misrepresentations and committed fraud and inflicted emotional distress. It is further alleged that the Defendants violated the Montana Consumer Protection Act in performing the home inspection by actions which are alleged to have been unfair and deceptive, and seeks treble damages and attorney fees under the Montana Consumer Protection Act.

9.    Republic-Vanguard Insurance Company issued Policy No. AES1085280.1057000-04 to the named insured thereunder Defendant Safe Home Inspections, Inc. A true and correct copy of the policy is attached hereto as **Exhibit B**. Republic-Vanguard has agreed to undertake the defense of the Defendants in the underlying action under Express Reservations of Rights. Coverage under the policy and the duty to defend has been reserved and disclaimed upon at least the following grounds:

•    There is no duty to defend or indemnify Defendants since the policy requires that an Inspection Agreement as defined therein be signed by the clients before the inspection services are commenced. The Inspection Agreement between the Millers and Safe Home Inspection, Inc. was not signed prior to the inspection services and therefore coverage under the policy is not triggered and there is neither

3

a duty to defend nor indemnify. The policy defines "Inspection Agreement" as:

"**J.**    "Inspection agreement" means a written contract between you and your client(s) for whom "inspection services" are being performed, provided that the written contract:

*    *    *    *    *

2.    Is signed, which shall include electronic signatures, by your client(s) or such client(s)' authorized agent before "inspection services" are commenced;"

•    The policy excludes dishonest, fraudulent, criminal or malicious acts, and to the extent that the underlying action alleges such conduct against the Defendants herein, coverage is excluded. The policy exclusion provides:

This Policy shall not apply to:

*    *    *    *    *

**C.**    Any dishonest, fraudulent, criminal or malicious "wrongful act"; but this exclusion shall not apply to any Insured or another for whom the Insured is legally liable named in a "claim" or "suit" who did not personally participate in or direct such "wrongful act"."

•    The policy also excludes coverage for punitive damages or exemplary damages including civil fines, penalties and sanctions, and to the extent that the underlying action seeks punitive damages, exemplary damages, civil fines, penalties and sanctions or trebling of damages or award of attorney fees for violation of Montana Consumer Protection Act, such damages are excluded from coverage. The

4

policy provides:

> "Damage(s)" means any amounts that the Insured becomes legally obligated to pay on account of a covered "claim", including judgments, awards and settlements.
> "Damages" will not include:
> 1.    civil or criminal fines, penalties, or sanctions, whether pursuant to law, statute, regulation or court rule;
>
> \*    \*    \*    \*    \*
>
> 5.    any multiplied, punitive, or exemplary "damages"."

• The policy also excludes coverage for failure to inspect, discover or disclose any noncompliance with laws, codes or regulations and to the extent that the underlying action seeks damages for failure to disclose noncompliance with laws, codes or regulations, there is no coverage. The policy provides:

> This Policy shall not apply to:
>
> O.    Any "claim" arising out of the inspections performed for the purpose of ascertaining compliance with any laws, codes or regulations; or any Insured's or another's, for whom the Insured is legally liable, failure to inspect for, discover or disclose any noncompliance with such laws, codes or regulations.

• The policy excludes coverage for bodily injury which includes emotional distress and to the extent that the underlying action seeks recovery for emotional distress, such damages are excluded. The policy provides:

> This Policy shall not apply to:

5

             \*    \*    \*    \*    \*

**B.**    Any "bodily injury" or "property damage" arising out of the actions of, or failure to act by, the Insured or another for whom the Insured is legally liable while on any premise that is not owned, rented, leased or controlled by the Insured during the performance of an inspection.

**G.**    Any "claim" arising from:
1. "Bodily injury," "property damage" or "personal injury" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

**IV. DEFINITIONS**
    **A.**    "Bodily injury" means bodily injury, sickness or disease, mental anguish or emotional stress sustained by a person, including death resulting from any of these at any time.

•     The Commercial General Liability portion of the policy excludes coverage for professional services. To the extent the underlying action alleges professional liability, the Commercial General Liability portion of the policy excludes coverage. The policy provides:

This insurance does not apply to:

1.    Any "bodily injury", "property damage", "personal and advertising injury" arising out of the rendering of or failure to render any professional services.
2.    Any "bodily injury", "property damage", "personal and advertising injury" arising out of:
(a) An act, error or omission, defect or deficiency in:
    i. Any test performed; or
    ii. An evaluation, a consultation, or advice given, by or on behalf of any insured;
(b) The reporting of or reliance upon any such test, evaluation, consultation or advice; or

6

(c) An act, error, omission, defect, or deficiency in experimental data or the insured's interpretation of that data.

• The policy also excludes coverage for civil fines, penalties or sanctions as a covered form of damages. To the extent that the underlying action seeks civil fines, penalties or sanctions in the form of trebling damages or award of attorney fees for violation of Montana Consumer Protection Act, such damages are excluded from coverage.

10. Republic-Vanguard Insurance Company is entitled to a declaratory judgment, determining and declaring as a matter of law that there is neither a duty to defend nor indemnify the Defendants with respect to the claims alleged against them in the Underlying Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Republic-Vanguard Insurance Company prays the Court enter an Order granting declaratory relief against the Defendants as follows:

1. That Republic-Vanguard Insurance Company be granted declaratory relief determining and declaring that Republic has neither a duty to defend nor indemnify Defendants with respect to the allegations in the underlying action.

2. For recovery of its costs incurred herein as allowed by law; and

3. For such other and further relief as may be reasonable, necessary and proper.

7

DATED this 21st day of May, 2025.

UGRIN ALEXANDER ZADICK, P.C.

/s/ Gary M. Zadick
Gary M. Zadick
James R. Zadick
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana 59403

Attorneys for Republic – Vanguard
Insurance Company

8